COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DANA BERGHOLTZ, Individually and d/b/a ONESTOP WIRELESS, | § | No. 08-08-00275-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 210th Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| SOUTHWESTERN BELL YELLOW PAGES, INC., | § | (TC# 2003-1079) |
| | § | |
| Appellee. | | |

**O P I N I O N**

Appellant, Dana Bergholtz, appeals the trial court's judgment based on its exclusion of testimony by his expert witness and by Appellant himself with respect to lost profits. On appeal, Mr. Bergholtz argues the trial court erred in excluding both testimonies, and that these errors were not harmless. We will affirm.

Mr. Bergholtz owned and operated a business in El Paso that sold wireless service and accessories beginning in 1997. In 2001, he opened another location in El Paso, which was engaged in the same business. In February 2002, Mr. Bergholtz entered into a contract with Southwestern Bell to advertise in its 2002-2003 Yellow Pages directory. According to him, the advertisement in the 2002-2003 directory contained many mistakes regarding his business, including phone numbers, locations, and service providers. He refused to pay the fee for this particular advertisement. Mr. Bergholtz sold his business in late 2003.

In early 2003, Southwestern Bell brought suit against Mr. Bergholtz based on sworn

account, breach of contract, and quantum meruit to collect an unpaid debt related to his advertisement in its 2002-2003 Yellow Pages directory. Mr. Bergholtz first filed counterclaims against Southwestern Bell based on breach of contract and negligence. He then filed an amended counterclaim citing claims under the Texas Deceptive Trade Practices Act ("DTPA"). He sought reasonable attorney's fees, as well as lost profits, which he claimed resulted from the erroneous information in the advertisement.

In February 2008, Southwestern Bell filed a motion for summary judgment arguing: (1) Mr. Bergholtz had no cause of action for breach of contract because the parties' agreement contemplated the alleged errors in the advertisement, and the limitation of liability clause in the contract limited his damages to the amount paid; (2) Mr. Bergholtz had no cause of action for negligence or for a violation of the DTPA because of the economic loss rule; and (3) the statutes of limitation governing Mr. Bergholtz's negligence and DTPA claims barred those claims. In his response, Mr. Bergholtz agreed with the company's motion for partial summary judgment as to the negligence cause of action, but argued the DTPA claim was still viable. He further argued that the limitation of liability clause in the contract for the 2002-2003 Yellow Pages advertisement was unenforceable due to a lack of agreement between the parties and inconspicuous nature of the clause's terms.

In March 2008, the trial court granted partial summary judgment in favor of Southwestern Bell. The court ordered Mr. Bergholtz to take nothing on his counterclaims of negligence and DTPA violations.

Prior to trial, Southwestern Bell filed a motion to exclude Mr. Dunbar's expert testimony on the amount of lost profits Mr. Bergholtz suffered as a result of the alleged errors in the 2002-

2003 Yellow Pages advertisement.  At the conclusion of the hearing on this motion, the court did exclude Mr. Dunbar's testimony on lost profits because, he found that the testimony had an excessive analytical gap, and both the underlying method and data used were flawed.

At trial, Mr. Bergholtz presented evidence in the form of an offer of proof with respect to his business's lost profits, which he claimed resulted from the erroneous information in the Yellow Pages advertisement.  At the conclusion of this hearing, the court held Mr. Bergholtz lacked competency to testify on lost profits, and it excluded his testimony on that issue.

The court subsequently directed a verdict in favor of Southwestern Bell in connection with Mr. Bergholtz's breach of contract counterclaim.  When the case was submitted to the jury on Southwestern Bell's breach of contract claim and Mr. Bergholtz's material breach of contract affirmative defense, the jury returned a verdict and found the company's material breach of contract excused Mr. Bergholtz's failure to pay for advertising.  As a result, the trial court rendered a take nothing judgment.

In his two issues, Mr. Bergholtz contends the trial court erred in sustaining Southwestern Bell's motion to exclude the testimony of witnesses, both expert and non-expert.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion.  *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).  The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or whether the act was arbitrary and unreasonable.  *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).  We will uphold the court's ruling if there is any legitimate basis for the ruling.  *Malone*, 972 S.W.2d at 43.

We review a trial court's exclusion of expert testimony for an abuse of discretion. *See Kelly v. State*, 824 S.W.2d 568, 574 (Tex.Crim.App. 1992). We cannot conclude that a court abused its discretion if, in the same circumstances, it would have ruled differently, or if the court committed a mere error in judgment. *See Robinson*, 923 S.W.2d at 558.

However, pursuant to Texas Rule of Appellate Procedure 44.1, a trial court's error of law is reversible only if it caused harm. *See* TEX.R.APP.P. 44.1. We cannot reverse a judgment unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. *See* TEX.R.APP.P. 44.1.

In Issue One, Mr. Bergholtz contends the trial court abused its discretion by excluding the testimony of his expert witness, Mr. John Dunbar, on lost profits. Mr. Bergholtz argues that Mr. Dunbar's testimony met all the qualifications to constitute reliable testimony. He contends Mr. Dunbar "proved to be reliable because he was reasonably certain regarding his calculation of lost profits and his opinion was predicated upon factual data derived from the previous operation of the business." Mr. Bergholtz further claims that Mr. Dunbar used net income in his calculation of lost profits, explained his calculation in arriving at a forecast for lost profits, and that Southwestern Bell was unable to establish the unreliability of Mr. Dunbar's testimony.

In Issue Two, Mr. Bergholtz argues the trial court abused its discretion by excluding his own testimony on lost profits because it determined he was not competent to testify on the issue. He claims the court erred because as the business owner, he was competent to testify on lost profits based on his personal knowledge. He also claims that at trial, he showed his calculations regarding lost profits, established his tracking of business customers, and testified about his business's ultimate sales price, as well as its value prior to publication of the 2002-2003 Yellow

-4-

Pages advertisement.

Under Texas Rule of Appellate Procedure 44.1, we cannot reverse the trial court's judgment even if it made an error of law, unless we determine Mr. Bergholtz suffered harm as a result of the exclusions of Mr. Dunbar's and Mr. Bergholtz's testimonies on lost profits. *See* TEX.R.APP.P. 44.1. As such, we will first address whether the court's decisions to exclude these testimonies caused Mr. Bergholtz harm.

In the "Acknowledgment of Application" for advertising in the 2002-2003 Yellow Pages directory, Mr. Bergholtz signed his name below the statement: "I verify that I have reviewed the Terms and Conditions on the reverse side of this Acknowledgment of Application." The reverse side of the Acknowledgment of Application is titled "Terms and Conditions," and contains a clause titled "Limitation of Publisher's Liability." This clause states in part: "THE LIABILITY OF THE PUBLISHER IS LIMITED TO AN AMOUNT EQUAL TO THAT ACTUALLY PAID FOR THE ITEMS OF ADVERTISING, OMITTED, OR IN WHICH THE ERROR OCCURS, FOR THE ISSUE LIFE OF THE DIRECTORY." At his oral deposition, Mr. Bergholtz testified he understood he was entering into a contract with Southwestern Bell when he signed this document, that he voluntarily signed this contract with Southwestern Bell, and that he voluntarily accepted the terms and conditions of the contract.

Mr. Bergholtz testified at trial that he did not pay Southwestern Bell any fees relating to the parties' contract for the 2002-2003 Yellow Pages advertisement. Thus, if we conclude the contract was enforceable, then Mr. Bergholtz would not be entitled to any lost profits because his recovery under the contract is limited to the amount he actually paid, in accordance with the limitation of liability clause. If we reach such a conclusion, then Mr. Dunbar's and

Mr. Bergholtz's testimonies on lost profits would be irrelevant, and the trial court's exclusions of these testimonies would be harmless. *See* TEX.R.APP.P. 44.1.

With respect to the enforceability of the advertising contract, Mr. Bergholtz contends the contract's limitation of liability clause was unenforceable because he did not agree to it, and the clause was not conspicuous. Mr. Bergholtz cites *Dresser Industries v. Page Petroleum* in arguing the clause in the instant contract was unenforceable because it was not conspicuous. *See Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).

In *Dresser*, the Texas Supreme Court held a contract provision releasing a party from all liability claims caused by its own future negligence must be conspicuous, as defined under the Uniform Commercial Code, to be enforceable. *Id*. at 508-11. However, in *Green Intern., Inc. v. Solis*, the Texas Supreme Court clarified that the holding in *Dresser* was "explicitly limited to releases and indemnity clauses in which one party exculpates itself from its own future negligence." *Green Intern., Inc. v. Solis*, 951 S.W.2d 384, 387 (Tex. 1997). The Court explained that *Dresser*'s holding did not apply in *Green*, where the disputed contract provision was a no-damages-for-delay clause that shifted economic damages resulting from a breach of contract. *Green Intern., Inc.*, 951 S.W.2d at 387.

Similar to *Green*, the limitation of liability clause in this case protects Southwestern Bell from liability if the advertiser fails to pay, and so it merely shifts damages resulting from a breach of contract. *See Green Intern., Inc.*, 951 S.W.2d at 387. This contrasts with the clause in *Dresser*, which operated to shift risk in an extraordinary way such that it exculpated a party from the consequences of its own future negligence. *See Dresser*, 853 S.W.2d at 508. The clause in the instant case does not constitute the type of extraordinary risk-shifting found in *Dresser*. *See*

*id*. As such, the clause in this case need not meet *Dresser's* conspicuous requirement.

Based on our review, Mr. Bergholtz signed and agreed that Southwestern Bell's liability was limited to the amount he actually paid for the advertising in the Yellow Pages directory, and the terms of the limitation of liability clause need not be conspicuous in this instance. *See Green Intern. Inc.*, 951 S.W.2d at 387. As such, Mr. Bergholtz has failed to show that the advertising contract's limitation of liability clause was unenforceable. Because this clause was enforceable, it precluded any lost profits Mr. Bergholtz claims the erroneous advertisement caused. Therefore, even if we assume the trial court erred in excluding the testimonies on lost profits, its error did not cause the rendition of an improper judgment, or prevent Mr. Bergholtz from properly presenting the case. *See* TEX.R.APP.P. 44.1. In other words, no harm resulted from the court's exclusions of Mr. Dunbar's and Mr. Bergholtz's testimonies on lost profits. *See* TEX.R.APP.P. 44.1. Accordingly, Issues One and Two are overruled.

Having overruled Mr. Bergholtz's issues presented for review, we affirm the trial court's judgment.

May 12, 2010
                                        DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Gomez, Judge
Gomez, Judge (Sitting by Assignment)